In re VENZKE STEEL CORP., Debtor.

VENZKE STEEL CORP.,
et al., Plaintiffs,

v.

LLA, INC., et al., Defendants.

Bankruptcy No. 91–33254.
Adv. No. 92–3230.

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 24, 1992.

Bruce Schoenberger, Toledo, Ohio, for plaintiffs.

Mary Bollinger, Oregon, Ohio, for defendants.

## OPINION AND ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

WALTER J. KRASNIEWSKI,
Bankruptcy Judge.

This matter came on for hearing upon plaintiffs' motion for preliminary injunction of defendants' pursuit of a state court action against plaintiffs. Upon consideration of the evidence adduced at the hearing, and the record herein, the court finds that said motion is well taken and should be granted and that defendants should be enjoined for one year from pursuing the pending state court action, case no. 91–4070 in the Lucas County Court of Common Pleas.

## FACTS

On August 5, 1991, Debtor, one of the plaintiffs herein, filed a voluntary petition under chapter 11 of title 11. Debtor, after being granted two extensions of time, filed a disclosure statement and plan on May 20, 1992. Those documents reflect that David Venzke, president and sole stockholder of Debtor corporation and one of the plaintiffs herein, will be contributing $82,000 to Debtor's plan, if it is confirmed, during the first year. He will also forego any salary during that year.

Plaintiffs filed a motion for temporary restraining order and preliminary injunction as to continuation of pending action stating that defendants have initiated, in the Lucas County Court of Common Pleas, an action against Mr. Venzke for "stealing, damaging and destroying defendants' business records, and using them to interfere with [its] business." Defendants' Memorandum in Opposition at 2. As a result of a hearing upon plaintiffs' motion, an order was entered granting a temporary restraining order; the court found that "immediate, irreparable injury, loss or damage [would] result to the Debtor."

A hearing upon plaintiffs' motion for preliminary injunction was held on June 15, 1992, at which time Mr. Venzke testified that he is currently involved in a state court action initiated by defendants. Defendants allege that Mr. Venzke acted improperly in attempting to execute on a judgment obtained against Twin Precision Metal Fabricating & Finishing Co. (Twin). Specifically, defendants contend that Mr. Venzke improperly seized documents and contacted Twin's customers, causing Twin to suffer damages. On cross examination, Mr. Venzke denied that he took documents from the office of Twin, subsequently us-

ing those documents to disrupt and destroy defendants' business.

Mr. James Moan, general manager of an office building in which defendants conducted business, stated that defendants executed a lease agreement. Within a few weeks thereafter, he was contacted by Mr. Venzke. At Mr. Venzke's request, Mr. Moan met with him. Mr. Moan testified that Mr. Venzke wanted to inform Mr. Moan of defendants' financial situation. Mr. Moan's recollection was that Mr. Venzke had some documents reflecting defendants' financial reverses. Mr. Moan also recalled that Mr. Venzke relayed his desire to "shut defendants down."

Ms. Eleanor Gore, the owner and operator of a telephone answering company, the Office Alternative, testified that she is familiar with defendants as they are customers of her company. She also testified that she is familiar with Mr. Venzke, in name only. She stated that on May 5, 1990, while she was away from the office, one of her staff clerks became afraid and upset as a result of Mr. Venzke's appearance at the office. Ms. Gore was informed that Mr. Venzke came into the office and "yelled" at her staff clerk. Ms. Gore subsequently contacted Mr. Venzke. Mr. Venzke informed Ms. Gore that her customers, defendants, were "thieves." Mr. Venzke then invited Ms. Gore to his office to review proof of these allegations; Ms. Gore never met with Mr. Venzke.

Mr. Ronald Blackburn, one of the defendants herein, is employed as president of LLA, Inc., a successor to Twin. Mr. Blackburn agreed that Debtor had obtained a judgment against Twin. In attempting to execute on that judgment, Mr. Venzke, as a corporate official, entered Twin's business premises. Mr. Blackburn stated that certain personalty, including customer lists, was missing after Mr. Venzke's legal entry onto the premises. Additionally, Mr. Blackburn indicated that subsequent contact with customers disclosed that Mr. Venzke had been in contact with those customers. The customers informed Mr. Blackburn that he, and his partner, were referred to as "thieves and indicted felons" by Mr. Venzke. It was Mr. Blackburn's opinion that Mr. Venzke caused his business financial damage.

## DISCUSSION

Initially, the court notes that the traditional factors governing the issuance of preliminary injunctions are:

(1) the likelihood of the plaintiff's success on the merits,

(2) whether plaintiff will suffer irreparable injury without the injunction,

(3) the harm to others which will occur if the injunction is granted, and

(4) whether the injunction would serve the public interest.

*In Re Eagle–Picher Indus.*, 963 F.2d 855, 858 (6th Cir.1992). The facts in *Eagle–Picher*, are analogous to those of the instant situation and litigants were enjoined from pursuing a separate civil action against Debtor's officers. The court stated that:

the individual defendants [officers] are inextricably intertwined with the Debtor, Eagle–Picher. Thus, it is for the protection of [Debtor's] numerous creditors, not for [the officers], that [litigant] is properly prohibited from proceeding with its action against [the officers], and this prohibition is not a distortion of Congressional purpose. Therefore, the lower courts did not err in determining that it was in the public interest to issue the preliminary injunction.

Id. 963 F.2d at 862. *See also In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 293 (2nd Cir.1992) (in bankruptcy cases, a court may enjoin a creditor from suing a third party, provided the injunction plays an important part in Debtor's reorganization plan (citation omitted)); *In re Chateaugay Corp.*, 109 B.R. 613, 621 (S.D.N.Y. 1990) (where an action taken outside the bankruptcy court threatens reorganization, § 105 permits the issuance of injunctive relief to effectuate the bankruptcy court's jurisdiction to administer the reorganization), *appeal dismissed* 924 F.2d 480 (2nd Cir.1991); *In re Cardinal Industries, Inc.*, 109 B.R. 748, 751 (Bkrtcy.S.D. Ohio 1989) (case law has established that a bankruptcy

court has power to protect a reorganization effort pending before it from detrimental pressure by third parties even where such pressure is against an entity not the Debtor).

This court, in following *Eagle–Picher*, will enjoin defendants from pursuing their state court action. Additionally, considering the factors necessary for entry of a preliminary injunction, the court finds that, at this juncture, plaintiffs have established the likelihood of success. That is, Debtor filed its petition on August 5, 1991; after two extensions of time, it filed its disclosure statement and plan on May 20, 1992. A hearing to consider the approval of the disclosure statement is currently scheduled for August 5, 1992. Because plaintiffs have established the possibility of a viable plan by Debtor, defendants should be enjoined, at this juncture.

Additionally, plaintiffs have established that Debtor will suffer irreparable injury without the injunction. As Mr. Venzke testified, and as the disclosure statement and plan reflect, Mr. Venzke will contribute additional capital of $82,000 as well as foregoing a salary for one year. Disclosure Statement at 9; Plan of Reorganization at 5. Defendants' continued pursuit of the state court action would cause plaintiffs to suffer irreparable injury.

> Because the suit would ultimately divert the Debtor's resources and attention from the bankruptcy process, and possibly deprive this court of control over issues central to its administration of the case, it is necessary to enjoin ... plaintiffs from continuing the ... lawsuit.

*In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 435 (Bkrtcy.S.D.N.Y.1990), *modified*, 124 B.R. 635 (S.D.N.Y.1991). *See also Chateaugay Corp.*, 109 B.R. at 621 (injunction should issue for the reasons that it will divert energies away from the reorganization effort and the costs will deplete Debtor's estate); *Cardinal Industries*, 109 B.R. at 752 (the court's jurisdiction is expanded to include the power to enjoin third party's actions against non-estate property where such actions seriously impair a Debtor's reorganizational efforts or so disrupt its

operations that reorganization efforts cannot be meaningful (citation omitted)); *In re Rubenstein*, 105 B.R. 198 (Bkrtcy.D.Conn. 1989) (where identity between a Debtor and a non-Debtor that a judgment against the non-Debtor would be binding upon Debtor, the Debtor's protection must be extended to enjoin litigation against non-Debtor (citations omitted)).

Plaintiffs assert that Mr. Venzke "is entitled to indemnification from the corporation as to actions taken in his official capacity." Memorandum in Support of Preliminary Injunction at 2. Without determining the merits of defendants' state court action regarding the capacity in which Mr. Venzke acted, the court finds this assertion supportive of plaintiffs' request for preliminary injunction, establishing potential injury to be suffered by Debtor absent the issuance of an injunction. That is, "irreparable harm would result to the reorganization efforts if it were denied the injunction." *Eagle–Picher*, *supra* 963 F.2d at 860.

Debtor's creditors would be harmed if the injunction is not issued. As previously discussed, Debtor's energies and resources will be expended in defending Mr. Venzke in the state court action; these expenditures will be to the detriment of Debtor's creditors.

Finally, the issuance of an injunction will serve the public interest as promoting the reorganization of a potentially viable company.

In granting the preliminary injunction, the court will enjoin defendants from pursuing litigation for one year from the date of this opinion and order. *See Eagle–Picher*, *supra* 963 F.2d at 862. It is therefore

ORDERED that plaintiffs' motion for preliminary injunction be, and hereby is, granted and that defendants, LLA, Inc., Ronald L. Blackburn and Robert L. Motz, are enjoined from pursuing litigation in Case No. 91–4070, filed in the Lucas County Court of Common Pleas, for one year from entry of this opinion and order.